

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

October 24, 2023

**VIA ECF**
Honorable Hector Gonzalez
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    **Re:**    Gov't. Emps. Ins. Co. et al. v. Andrew Davy, M.D., et al.
            Docket No.: 1:22-cv-06158-HG

Dear Judge Gonzalez:

We write on behalf of Plaintiffs (collectively "GEICO" or "Plaintiffs") pursuant to Section IV.A of Your Honor's Individual Rules, seeking a pre-motion conference for an anticipated motion for summary judgment against Defendants Andrew Davy, M.D., Big Apple Medical Services, P.C. and Big Apple Medical Services d/b/a Hourglass Medical Services (collectively, the "Davy Defendants"). Plaintiffs' pre-motion conference request is timely as expert discovery concluded on October 10, 2023. See D.E. 52.

Plaintiffs' Amended Complaint seeks monetary damages and injunctive relief from the Davy Defendants as well as from the other Defendants who defaulted, Eric St. Louis, 1 Brooklyn Consulting Corp., Precise Wellcare Services Inc. and Lakaye Social and Human Services, LLC (collectively, the "Defaulting Defendants"). Plaintiffs' Amended Complaint also seeks a declaratory judgment that GEICO is not obligated to pay any of the unpaid billing previously submitted to GEICO through Big Apple and Hourglass (collectively, the "Davy PCs"). Plaintiffs' intention is to move for summary judgment against the Davy Defendants on the 1st cause of action for declaratory judgment, 6th and 10th causes of action for common law fraud, and 7th and 11th causes of action for unjust enrichment.[1] Accompanying this letter is Plaintiffs' draft Local Civil Rule 56.1[2] statement. For the reasons set forth below, Plaintiffs' respectfully request permission to file its motion for summary judgment.

Summary judgment on GEICO's common law fraud claims is proper because the undisputed facts establish that the Davy Defendants (1) made material misrepresentations or omissions of fact in the bills to GEICO, (2) knew that the facts in the bills were false (i.e., scienter), (3) intended for GEICO to rely on the false bills, and (4) that GEICO reasonably relied on the misrepresentations and was damaged. See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 170 (2d Cir. 2015). Summary judgment on GEICO's declaratory judgment cause of action is also appropriate because there

---

[1] GEICO has elected not to move on its RICO and RICO conspiracy cause of actions as the damages alleged are identical to the fraud claims. See Allstate Ins. Co. v Khaimov, 2013 US Dist. LEXIS 184872, at *25 (E.D.N.Y. Nov. 18, 2013).

[2] Plaintiffs' proposed Rule 56.1 Statement asserts all factual statements that would be included as part of its motion for summary judgment, but citations to other portions of the supporting evidence will be updated upon briefing the motion.

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

is an "actual case or controversy" between GEICO and the Davy Defendants over hundreds of thousands of dollars' worth of charges that have not been paid or otherwise adjudicated. See 28 U.S.C. § 2201(a); Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 95 (1993). Here, a judicial declaration will resolve whether payment to the Davy Defendants is required for the pending charges submitted to GEICO. The facts supporting the fraud claims also establish the Davy Defendants lack of entitlement to payment. Similarly, summary judgment on GEICO's unjust enrichment claims are proper because the Davy Defendants were not entitled to receive the $481,233.13 paid to the Davy PCs, and that equity and good conscious require restitution. See Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000).

I.    **Material Misrepresentations**

The bills submitted to GEICO by or on behalf of the Davy Defendants made the following material representations to GEICO: (i) the Davy PCs were eligible for No-Fault benefits, pursuant to 11 N.Y.C.R.R. §65-3.16(a)(12), because they complied with all applicable laws and regulations; (ii) the Davy PCs were eligible for No-Fault benefits because Davy personally performed or directly supervised all of the healthcare services identified in the bills that were submitted to GEICO, i.e. shockwave therapy ("ESWT"), transcranial doppler testing ("TDT"), and videonystagmus testing ("VNG") (collectively, the "Fraudulent Services"); (iii) the Fraudulent Services were actually performed on patients insured by GEICO ("Insureds") and were reimbursable; and (iv) the Fraudulent Services were medically necessary.

Based upon the facts set forth in the Rule 56.1 statement, each of these representations, made in every bill submitted to GEICO, were demonstrably false. Notably, during discovery, Davy repeatedly asserted his Fifth Amendment privilege against self-incrimination and was and remains unable to explain or otherwise dispute the evidence that GEICO has adduced. See Gov't Emps. Ins. Co. v. Mayzenberg, 2022 WL 5173745 at *7 (E.D.N.Y. Aug. 24, 2022). The undisputed facts establish that the above material representations in the bills submitted to GEICO were false for the following reasons:

(i)    The Davy Defendants were ineligible for payment because the Davy PCs were not lawfully licensed. St. Louis, not Davy, secretly controlled the operation and finances of the Davy PCs related to the Fraudulent Services. Davy abdicated operation or control of the Davy PCs to St. Louis, who is not a licensed healthcare provider, handled all operations for the Davy PCs, and funneled all the profits related to the billing for Fraudulent Services through the Davy PCs to the Defaulting Defendants. See Gov't Emps. Ins. Co. v. Armengol, 2022 U.S. Dist. LEXIS 10073 *4 (E.D.N.Y., Jan. 19, 2022); Andrew Carothers, M.D., P.C. v. Progressive Ins. Co., 33 N.Y.3d 389, 393-394 (N.Y. 2019).

(ii)    Davy did not personally perform or directly supervise any of the Fraudulent Services identified in the bills. The Davy PCs were not eligible for payment because the Fraudulent Services were performed by technicians (who are not licensed healthcare professionals) without any direct involvement by Davy.

(iii)    The Davy PCs were not eligible for payment because the purported Fraudulent Services were provided by technicians not employed by the Davy PCs. See A.M. Medical Services, P.C. v. Progressive Casualty Ins. Co., 101 A.D.3d 53, 62–63, (N.Y. App. Div. 2012).

(iv)     The charges for ESWT were false because none of the services were ESWT.

(v)      None of the Fraudulent Services were reimbursable under N.Y. Ins. Law § 5102(a) because they were performed pursuant to pre-determined fraudulent treatment protocols by St. Louis, without the direct involvement of Davy or any other licensed physician.

Each of these misrepresentations represents a separate basis to establish the Davy Defendants' fraud against GEICO and ineligibility for payment of No-Fault benefits. See Gov't. Emps. Ins. Co. v Elmwood Park Med. Group, P.C., 2022 U.S. Dist. LEXIS 32961 at *32-37 (E.D.N.Y. Feb. 23, 2022), adopted by 2022 U.S. Dist. LEXIS 44716 (E.D.N.Y. Mar. 14, 2022).

**II.     Davy's Knowledge of the False Facts and Intent for GEICO to Rely on the False Facts**

The undisputed facts also establish Davy's knowledge of the scheme and misrepresentations in the bills submitted to GEICO, as well as his intention that GEICO rely on the false facts. Based on this record, a factfinder could only conclude that the evidence establishes Davy's fraudulent intent. See Mayzenberg, 2022 WL 5173745 at *8. It is not disputed here that Davy knew fraudulent bills were going to be submitted to GEICO. Davy (i) entered into an agreement with St. Louis to receive money in exchange for allowing his name to be used to bill for Fraudulent Services that he did not perform, (ii) knew that the Fraudulent Services were performed by technicians that he did not employ, (iii) knowingly ceded all control over the operation, management, and finances of the Davy PCs to St. Louis; (iv) spoke with the no-fault biller and discussed billing for the Fraudulent Services; (v) entered into funding agreements to allow for monies to be advanced to the Davy PCs from the billing for the Fraudulent Services; and (vi) asserted his Fifth Amendment privilege when confronted with many facts and refused to provide any testimony to counter GEICO's evidence. These same facts, coupled with the fact that Davy retained law firms for No-Fault billing and collection clearly establish that Davy and the Davy PCs intended for GEICO to rely on the fraudulent bills.

**III.    GEICO's Reliance and Damages**

It is similarly undisputed that GEICO reasonably relied upon the fraudulent bills submitted to GEICO by the Davy Defendants, and that they were damaged. GEICO justifiably and reasonably relied on the accuracy of the bills submitted to GEICO because (i) the bills were verified, pursuant to N.Y. Ins. Law. § 403; (ii) the Davy Defendants and Defaulting Defendants concealed the fraudulent scheme, including the Defaulting Defendants' involvement; and (iii) GEICO was under statutory and contractual obligations to process the Davy PC's claims within 30 days, which forced GEICO to rely on the Davy Defendants' facially-valid submissions. See Mayzenberg, 2022 WL 5173745 at *8; Gov't Emps. Ins. Co. v. Spectrum Neurology Group, LLC 2016 U.S. Dist. LEXIS 19960 (E.D.N.Y. Feb. 17, 2016), adopted by 2016 U.S. Dist. LEXIS 35447 (E.D.N.Y. Mar. 17, 2016). Lastly, GEICO paid $481,233.13 in reliance on the facially valid billing submitted using the name of the Davy PCs.

For the reasons set forth in this letter, GEICO respectfully requests that a pre-motion conference be conducted at the Court's earliest convenience and/or that a briefing schedule be adopted. The Court's attention to this matter is appreciated.

_____

                                          Respectfully submitted,

                                          RIVKIN RADLER LLP

                                          /s/ *Michael Vanunu*

                                          Michael Vanunu, Esq.

cc:      All counsel via ECF