# EISENBERG & CARTON

ATTORNEYS AT LAW

405 RXR PLAZA
UNIONDALE, NEW YORK 11556
TELEPHONE (516) 221-3700
FACSIMILE (516) 977-3337

**BY ECF**  October 31, 2023

Hon. Hector Gonzalez
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>     Re: Government Employees Insurance Company, et al.
>         v. Andrew Davy, M.D., et al.
>         <u>EDNY, Case No. 1:22-cv-06158-HG</u>

Dear Judge Gonzalez:

  This firm represents Defendant Andrew Davy, M.D., and his provisional corporation, Defendant Big Apple Medical Services, P.C. ("Big Apple"), sued herein in its own name and in its assumed name, Hourglass Medical Services (the "Davy Defendants"). This letter is in response to Plaintiffs' pre-motion letter seeking to file a motion for summary judgment against the Davy Defendants on Plaintiffs' 1st cause of action for declaratory judgment, their 6th and 10th causes of action for common-law fraud, and their 7th and 11th causes of action for unjust enrichment. The Davy Defendants' Opposition Statement to Plaintiffs' statement pursuant to Local Rule 56.1 is submitted herewith.

  As an initial matter, Dr. Davy (on behalf of himself and Big Apple) will stipulate to the declaratory relief requested by Plaintiffs. There is no need for Plaintiffs to move for summary judgment on that claim. Indeed, cooperating with Plaintiffs, on December 19, 2022, Dr. Davy provided Plaintiffs with an affidavit directing all persons and entities purporting to act on his behalf to cease all underlying collection activity, including but not limited to arbitrations and court cases.

  With respect to Plaintiffs' fraud and unjust enrichment claims, the Davy Defendants respectfully oppose Plaintiffs' request only because they hope to avoid unnecessarily expending legal fees on what clearly would be an ill-fated motion for summary judgment. Specifically, Dr. Davy acknowledges that Plaintiffs were improperly billed, and regrets that he unwittingly permitted himself and Big Apple to be utilized as a pawn by the mastermind of that scheme, Defendant Eric St. Louis. Mr. St. Louis failed to appear and defaulted in this case, and Mr. St. Louis also is a defendant and likewise has failed to appear and defaulted in <u>Government Employees Insurance Company et al v. Wilkins Williams Medical, P.C. et al</u>, EDNY, 1:22-cv-04608-KAM-JRC.

  Dr. Davy knew Mr. St. Louis socially for approximately 20 years before Mr. St. Louis drew Dr. Davy into the scheme alleged by Plaintiffs. Dr. Davy at the time understood Mr. St. Louis to be an honest, successful businessperson who managed medical offices, and who was

knowledgeable with respect to the same. Though in hindsight Dr. Davy obviously made an enormous mistake in trusting Mr. St. Louis, Dr. Davy is entitled to have a jury determine whether he had the requisite fraudulent intent (scienter) to support Plaintiffs' fraud claims against him. Plaintiffs' Rule 56.1 Statement does not, as Plaintiff's claim, support that prong of their fraud claims with undisputed facts.

Notably, of the 160 paragraphs of purportedly undisputed facts set forth in Plaintiff's Rule 56.1 Statement, the Davy Defendants in good faith could confirm only 28 of those paragraphs as undisputed facts, and none of those bear on Dr. Davy's intent. The balance of Plaintiffs' Rule 56.1 Statement consists of factual contentions that have nothing to do with Dr. Davy's alleged intent, as well as improper (pursuant to Section IV.B.7(b) of your Honor's Individual Rules) reliance on evidentiary arguments.

For example, Plaintiffs' Rule 56.1 Statement appears to assert that numerous alleged "facts" purportedly are "undisputed" because Dr. Davy in an abundance of caution asserted his Fifth Amendment right in response to particular questions during his deposition. However, as this Court previously has explained, "the court in deciding this summary judgment motion is in a far different posture than a post-trial trier of fact. Accordingly, the court will not rely on any adverse inferences [from assertion of the Fifth Amendment privilege] in its evaluation of the evidence for the purposes of this summary judgment motion." Fidelity Funding of California, Inc. v. Reinhold, 79 F.Supp.2d 110, 116–17 (E.D.N.Y.1997); accord In re WorldCom, Inc., 377 B.R. 77, 108–109 (Bankr. S.D.N.Y. 2007) (reasoning that the summary judgment standard, requiring a court to draw all reasonable inferences in favor of the nonmoving party, precludes the drawing of an adverse inference, "despite potential for the ultimate trier of fact to draw an adverse inference...."); Parsons & Whittemore Enters. v. Schwartz, 387 F.Supp.2d 368, (S.D.N.Y.2005) ("But even assuming that a jury might draw [adverse] inferences, the court is still required at summary judgment to draw all reasonable inferences in favor of the non-moving party.").

Other courts have explained that an adverse inference against the party invoking the Fifth Amendment, alone, is not enough to establish the absence of a genuine issue of material fact. Centennial Life Ins. Co. v. Nappi, 956 F.Supp. 222, 228 (N.D.N.Y.1997). Similarly, it has been explained that "although the adverse inference that may be drawn against the Defendant [based upon the assertion of the Fifth Amendment privilege] has probative value, that value does not equal the inference that must be drawn in favor of the nonmoving party on summary judgment." In re Inflight Newspapers, Inc., 423 B.R. 6, 18 (Bankr. E.D.N.Y. 2010).

Either way, Dr. Davy's assertion of his Fifth Amendment privilege is insufficient for purposes of summary judgment to establish any alleged fact as uncontested. Moreover, during Dr. Davy's deposition, Plaintiffs' never asked any question directly regarding Dr. Davy's purported fraudulent intent. Accordingly, Dr. Davy is entitled to testify as to his lack of fraudulent intent, and have a jury decide.

      With respect to Plaintiffs' unjust enrichment claims, it is extremely telling that Plaintiffs' application seeking permission to move for summary judgment does not even address the elements of an unjust enrichment claim. An unjust enrichment claim under New York law must allege that defendant was enriched at plaintiff's expense and that "it is against equity and good conscience to permit [the defendant] to retain what is sought to be recovered." <u>Mandarin Trading Ltd. v. Wildenstein</u>, 16 N.Y.3d 173, 182, 944 N.E.2d 1104, 1110, 919 N.Y.S.2d 465, 471 (2011). Thus, to prevail on their claim for unjust enrichment, Plaintiffs here must demonstrate that (1) the Davy Defendants were enriched, (2) at Plaintiffs' expense, and (3) that "it is against equity and good conscience to permit [the Davy Defendants] to retain what is sought to be recovered." <u>Mandarin Trading Ltd.</u>, 16 N.Y.3d at 182, 919 N.Y.S.2d 465, 944 N.E.2d 1104 (quoting Citibank, N.A. v. Walker, 12 A.D.3d 480, 481, 787 N.Y.S.2d 48 (2d Dep't 2004)).

      Significantly, and not surprisingly, New York courts have repeatedly held that whether it "is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" are "issues … ill suited to summary disposition." <u>Simon v. FrancInvest, S.A. Eyeglasses</u>, 146 N.Y.S.3d 9, 192 A.D.3d 565, 570 (1st Dep't 2021); <u>accord</u> <u>McGrath v. Hilding</u>, 41 N.Y.2d 625, 629, 394 N.Y.S.2d 603, 363 N.E.2d 328 (1977). Indeed, there are innumerable factors that a jury might consider with respect to "equity and good conscience" including whether or not (a) Dr. Davy acted in good faith and was himself a victim of Mr. St. Louis, (b) the minimal extent to which Dr. Davy and Big Apple profited from Mr. St. Louis' scheme (only about $30,000 of the total claimed by Plaintiffs), (c) the Davy Defendants are culpable for the actions of other parties and non-parties, whose alleged wrongdoing they were not aware of (including but not limited to Mr. St. Louis and his defendant entities)), and (d) whether Plaintiffs themselves bear some culpability for not deigning to examine more carefully the bills at issue in this case.

      Finally, the Davy Defendants have not submitted their own counterstatement of undisputed facts because the Davy Defendants in good faith do not believe that any of the facts supporting their defense are undisputed.

      Thank you for Your Honor's consideration and attention to this matter.

      Respectfully submitted,

      */s/ Lloyd M. Eisenberg*

      Lloyd M. Eisenberg

cc: All Counsel of Record (by ECF)