UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, *et al.*,

          Plaintiffs,

          v.

ANDREW DAVY, M.D., *et al.*,

          Defendants.

**MEMORANDUM & ORDER**
22-CV-06158 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiffs allege that Defendants engaged in a widespread scheme to submit fraudulent no-fault insurance claims, and they have filed a pre-motion letter seeking permission to move for summary judgment against several Defendants. ECF No. 62. Defendants oppose that request, and their attorneys have also moved to withdraw as counsel. ECF Nos. 63, 64, 65. Finally, Plaintiffs have moved to compel the production of documents from several non-parties. ECF No. 33. For the reasons set forth below, the Court: (i) denies Plaintiffs' proposed motion for summary judgment based on the parties' pre-motion letters and statements of material facts; (ii) grants the motion to withdraw by Defendants' counsel; and (iii) grants Plaintiffs' motion to compel compliance with their subpoenas.

## BACKGROUND

    Plaintiffs are various companies affiliated with Government Employees Insurance Company (collectively, "GEICO"). ECF No. 26. They contend that medical practices owned by Defendant Andrew Davy, M.D., fraudulently submitted claims for reimbursement for medical services provided to victims of automobile accidents, pursuant to New York's no-fault insurance law. *Id.* ¶ 3. GEICO seeks summary judgment against Davy and his professional services corporations, which are also named as Defendants: Big Apple Medical Services, P.C., and

Hourglass Medical Services. ECF No. 62. Davy and his professional services corporations are the only Defendants who have appeared in this case.

GEICO claims that one of the defaulting Defendants, Eric St. Louis, who is not a medical professional, reached an agreement with Davy to take control of Davy's medical practice, so that he could submit insurance claims to GEICO for services that were not reimbursable under New York law. ECF No. 26 ¶¶ 7–8, 13–14. The remaining Defendants are entities that were allegedly controlled by St. Louis, and he allegedly used them, in turn, to control Davy's medical practice. *Id.* ¶¶ 3, 36–39. These Defendants have defaulted, and GEICO has moved for a default judgment against them. ECF No. 60. That motion is still pending.

GEICO intends to file a motion for summary judgment against Davy and his professional corporations—but only on GEICO's claims for a declaratory judgment, fraud, and unjust enrichment. ECF No. 62. GEICO does not intend to seek summary judgment on its claims under the Racketeer Influenced and Corrupt Organizations Act. *Id.* GEICO has filed a pre-motion letter explaining the legal bases for its proposed summary judgment motion, along with a detailed statement of material facts pursuant to Local Civil Rule 56.1. ECF Nos. 62 & 62-1.

GEICO argues that the insurance claims that Davy and his companies submitted to GEICO were fraudulent because they misrepresented the nature of the medical services that were performed and sought reimbursement for services performed by technicians who were independent contractors, rather than Davy's employees, and who did not have the appropriate licenses. ECF No. 62 at 2–3. GEICO further contends that Defendants' insurance claims were improper because Davy had "abdicated" control of his medical corporations to St. Louis, a non-physician, and allowed St. Louis to determine the corporations' treatment protocols, thereby causing Davy's corporations to become improperly licensed under state law. *Id.* GEICO argues that, according to various New York statutes and regulations related to no-fault insurance, these

2

defects in Davy's medical practice rendered Davy's insurance claims non-reimbursable as a matter of law. *Id.* at 2. Accordingly, GEICO asserts that Davy's submission of these insurance claims as purportedly legitimate claims amounted to fraud. *Id.*

Davy and his companies have responded to GEICO's pre-motion letter and statement of material facts. ECF Nos. 63 & 63-1. In that letter, Davy's counsel represented that Davy is willing to stipulate to a declaratory judgment that would provide that GEICO is not required to pay the unpaid insurance claims that GEICO asserts are fraudulent. ECF No. 63 at 1. However, Davy opposes summary judgment on GEICO's fraud and unjust enrichment claims because, although he "acknowledges that Plaintiffs were improperly billed," he was unaware of the impropriety at the time the insurance claims were submitted. *Id.* Davy says that "he unwittingly permitted himself and Big Apple to be utilized as a pawn by the mastermind of th[e] scheme, Defendant Eric St. Louis," whom Davy had known "socially for approximately 20 years" and believed "to be an honest, successful businessperson who managed medical offices." *Id.* Davy insists that he "is entitled to have a jury determine whether he had the requisite fraudulent intent (scienter) to support Plaintiffs' fraud claims against him." *Id.* at 2. Shortly after filing this pre-motion letter, Davy's counsel moved to withdraw from representing him, due to an apparently irreconcilable breakdown in the attorney-client relationship. ECF Nos. 64, 65.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, a court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).[1] The moving party has the burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011).

When deciding a summary judgment motion, any ambiguities and inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *LaFond v. Gen. Physics Servs. Corp.*, 50 F.3d 165, 171 (2d Cir. 1995). Although "courts must refrain from assessing competing evidence in the summary judgment record and avoid making credibility judgments," a party must defeat summary judgment by putting forth "evidence on which the jury could *reasonably* find for the non-moving party." *Saeli v. Chautauqua Cty.*, 36 F.4th 445, 456 (2d Cir. 2022) (emphasis in original) (affirming summary judgment dismissing claims). In this case, deciding GEICO's proposed motion for summary judgment based on the parties' pre-motion letters and their detailed statements of material fact is appropriate because the Court's denial of summary judgment does not dispose of any party's claim, and the detailed record shows that a summary judgment motion would "clearly lack merit." *See Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 54 (2d Cir. 2022) (describing the circumstances in which district courts may decide motions based on pre-motion letters).

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

## DISCUSSION

### I. GEICO's Motion for Summary Judgment

Judge Korman recently denied summary judgment in a similar case brought by GEICO regarding an allegedly fraudulent no-fault insurance scheme. *Gov't Emps. Ins. Co. v. Jacobson*, 2021 WL 2589717, at *11 (E.D.N.Y. June 24, 2021). In that case, as in this one, "GEICO point[ed] to circumstantial evidence from which a jury could find scienter," but the defendants' ultimate liability on GEICO's fraud claims "w[ould] likely turn on a jury's assessment of [the defendant's] credibility and whether he possessed the requisite intent to defraud." *Id.* Judge Korman, therefore, found no reason to deviate from the principle that, "[o]rdinarily, the issue of fraudulent intent cannot be resolved on a motion for summary judgment, being a factual question involving the parties' states of mind." *Id.* In doing so, he noted that "GEICO cite[d] no case in which a court ha[d] granted summary judgment in favor of a plaintiff on an insurance fraud claim like the one it allege[d]." *Id.* He also denied summary judgment on GEICO's unjust enrichment claim for the same reason because that claim "ar[o]se from the same factual predicates as [GEICO's] other claims." *Id.* at *12.

Based on the extensive record compiled in the parties' statements of material facts, GEICO cannot meet its burden on summary judgment of showing that a different result should apply here. GEICO has not offered undisputed evidence to support its arguments about key facts related to Davy's knowledge or participation in the scope of the alleged fraud. Notably, Davy admitted that St. Louis played a role in managing Davy's professional corporations, but Davy invoked his Fifth Amendment privilege against self-incrimination when asked about the extent of St. Louis' control and the role Davy played in supervising the administration of medical services. ECF No. 63-1 ¶¶ 34, 37, 79. Davy similarly invoked his Fifth Amendment privilege when asked about the role that technicians played in administering medical services at his corporations and

the role that St. Louis played in hiring technicians. *Id.* ¶¶ 53, 62–63. Additionally, Davy has failed to dispute GEICO's evidence that his purported signatures on his companies' insurance claims were not actually his, and he invoked his Fifth Amendment privilege when asked whether he provided a signature stamp to St. Louis or whether he personally signed any of the claim forms. *Id.* ¶¶ 32–33, 35, 78. Collectively, GEICO's reliance on Davy's refusal to answer many of these questions leaves open issues about Davy's knowledge of the insurance claims that were being submitted on behalf of his companies, the role that St. Louis played in submitting allegedly fraudulent claims, and the qualifications and roles of the technicians who supposedly performed the medical services.

The fact that Davy repeatedly declined to answer certain questions during his deposition based on his Fifth Amendment privilege against self-incrimination does not favor granting summary judgment. Although a jury will likely be entitled to draw an adverse inference from that testimony at trial, the Court may not draw such an inference on summary judgment and is instead required "to draw all reasonable inferences in favor of the non-moving party." *Stichting Ter Behartiging Van de Belangen v. Schreiber*, 407 F.3d 34, 55 (2d Cir. 2005) (affirming denial of summary judgment because witness's invocation of Fifth Amendment privilege did not "resolves all genuine issues of fact on the question of" defendants' liability); *see also In re 650 Fifth Ave. & Related Props.*, 830 F.3d 66, 93 n.25 (2d Cir. 2016) (explaining that "a court may not draw negative inferences against a nonmoving party on a summary judgment motion"). A jury is therefore needed to decide the issue of Davy's scienter.

GEICO's detailed pre-motion letter provides no indication that the Court would reach a different result if it were to receive further briefing. GEICO has cited several cases in which it prevailed on fraud and unjust enrichment claims related to similar no-fault insurance schemes, but nearly all of those decisions involved motions for default judgments, in which the defendants

6

were deemed to have admitted all of the facts that GEICO had alleged. ECF No. 62 at 3. The procedural and evidentiary posture here is meaningfully different because Davy has not been deemed to have admitted many of the important facts in the case.

GEICO has cited only a single case in which a court granted summary judgment on similar claims involving a no-fault insurance scheme. *See Gov't. Emps. Ins. Co. v. Mayzenberg*, No. 17-cv-2802, 2022 WL 5173745 (E.D.N.Y. Aug. 24, 2022). In that case, GEICO asserted that the defendants' insurance claims were fraudulent because of many of the same theories that GEICO has advanced in this case, but the court granted summary judgment based on only one theory: that the defendants unlawfully "paid for patient referrals" in violation of state law. *Id.* at *5. In *Mayzenberg*, GEICO had submitted uncontroverted evidence that the defendants paid substantial sums of money to companies that referred patients but never provided the defendants with a single "invoice or sample of their supposed marketing or advertising work." *Id.* at *8–9. The court therefore held that the case presented the "*rare exception* in which summary judgment [wa]s appropriate" on a claim for common law fraud. *Id.* at *8 (emphasis added). GEICO is not pursuing the same theory of liability in this case and has not presented similarly uncontroverted evidence, which renders the *Mayzenberg* decision inapplicable.

Since the Court is denying GEICO's proposed motion for summary judgment, the parties must be prepared to proceed to trial. However, the Court also grants the motions by Davy's counsel to withdraw from representing Davy and his professional corporations based on the irredeemable breakdown in the attorney-client relationship described in their motions. ECF Nos. 64, 65. Davy shall retain new counsel to appear on his behalf on or before February 6, 2024, or else file a letter by that date indicating that he intends to represent himself *pro se*. However, if Davy elects to represent himself, then Defendants Big Apple Medical Services, P.C., and Hourglass Medical Services will be in default because a corporation cannot represent itself *pro*

7

*se* through a non-attorney representative. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129–31 (2d Cir. 2011) (affirming default judgments against corporate defendants that answered plaintiff's complaint but failed to maintain attorneys to continue representing them during discovery and trial). On that same date, either Davy or his new counsel shall file a letter stating whether Davy still consents to the declaratory judgment sought by GEICO, as Davy's former counsel represented in their pre-motion letter. *See* ECF No. 63 at 1. The parties shall file a joint pre-trial order that complies with Section VI.B of the Court's Individual Practices on or before April 8, 2024.

## II. GEICO's Motion to Compel Compliance with Non-Party Subpoenas

GEICO has served subpoenas on various non-parties that supposedly provided advances of money against the receivables Davy and his corporations were expecting to collect from the no-fault insurance claims submitted to GEICO. ECF No. 33. A single non-party, RJ Capital Debt LLC, has been cooperating with GEICO in responding to the subpoenas. ECF No. 44. But GEICO has moved to compel responses from the remaining non-party entities, which have not responded to the subpoenas at all. ECF No. 33.

"A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Gov't Emps. Ins. Co. v. Dinesh Verma Med., P.C.*, No. 22-cv-2893, 2023 WL 1967575, at *4 (E.D.N.Y. Feb. 10, 2023). Therefore, "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings. However, once relevance is demonstrated, the party opposing the subpoena must come forth and demonstrate that the subpoena is over-broad, duplicative, or unduly burdensome." *Id.* GEICO's document requests meet this relevance standard because they are restricted to only a few years of documents and seek only documents related to Davy, St. Louis, their respective corporations, and the law firms that they allegedly

8

retained to perform collection services on their behalf.  ECF No. 33-1.  The non-parties' failure to assert any objections or to move to quash the subpoenas means that they have "fail[ed] to offer an adequate excuse for their non-compliance."  *Dinesh Verma Med.*, 2023 WL 1967575, at *5 (enforcing subpoena from GEICO to compel non-parties to produce financial records in connection with similar alleged no-fault insurance scheme).  Accordingly, the Court orders all of the non-parties, except RJ Capital Debt, to produce all non-privileged documents responsive to GEICO's subpoenas by February 6, 2024.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiffs' proposed motion for summary judgment, *see* ECF No. 62, because the parties' statements of material facts demonstrate that questions of fact exist about issues that are material to the proposed motion.  The Court GRANTS the motions to withdraw as counsel made by the attorneys representing Defendant Davy and his professional corporations.  ECF Nos. 64, 65.  Finally, the Court GRANTS Plaintiffs' motion to compel non-parties to produce documents called for by the subpoenas served by Plaintiffs.  ECF No. 33.

Davy's former counsel shall file a letter no longer than three pages on or before January 12, 2024, confirming that they have provided a copy of this order to Davy.  That letter shall provide the Court with any mailing address, email address, or telephone number that counsel has used to communicate about this case with Davy or any other representative of his professional corporations.

SO ORDERED.

                                            */s/ Hector Gonzalez*
                                            HECTOR GONZALEZ
                                            United States District Judge

Dated:  Brooklyn, New York
         January 5, 2024